By the Court,

Nelson, C. J.
This I apprehend, is a plain case for the plaintiffs. The principal objection to the recovery is founded upon the idea, that the restrictive or exclusive clause in the lease of the Fulton ferry by the *481 corporation of the city of New-York in May, 1814, exceeded their power; that notwithstanding such restriction, they might still have granted the franchises of the south ferry to the defendants without the consent of the Fulton lessees; and that therefore the covenant to pay the $4,000 annually for such consent was without consideration, and void. It is also insisted, that the grant of the right of establishing ferries made to the corporation of the city was a franchise, to be exercised for the public good ; and that any restriction consented to or imposed upon itself in the exercise of the power was illegal; and that the refusal to establish the south ferry, which was required for public convenience, as was offered to be proved, was wrongful and oppressive, and used as a pretence to exact the covenant in question; and being obtained under such circumstances, it was illegal and void. The short answer to all which is, that the corporation of the city possessed the same power in respect to the establishment of ferries across the East river, that before belonged to the crown or the legislature ; and the exclusive privileges, therefore, extended to the lessees of the Fulton ferry were fully within its municipal authority, and binding both upon the city and the public. See City Charter, § 15, and Kent’s Notes, p. 56-7, and 139-142 inclusive; 6 Wend. 85 ; 11 Peters, 540.
It is further urged, that the stipulation in the articles of agreement between the plaintiffs and the defendants, by which the former agreed to use their influence to prevent the establishment of any other ferry south of Catharine’s slip Constituted an illegal consideration ; and [ *632 ] that the covenant founded upon it is void. The lease of the Fulton ferry had about five years to run from the date of the articles in question ; and the consent of the plaintiffs, and the covenant to pay an annual sum therefor, extended only through this period ; and the stipulation above 0 referred to, I think is to be regarded as thus limited. If so, it is impossible for the court to say that the exercise of all the influence fairly imputable to the plaintiffs upon the action of the corporation for this short period, to prevent the establishment of another ferry, can be regarded as even improper, much less illegal. We are not to assume that the public necessities, as a matter of course, would require a third ferry from New-York to Brooklyn within the five years. Besides, the covenant in question to pay an annual sum of $4,000, is made in express terms upon the sole consideration of consent on the part of the plaintiffs, to the establishment of the defendants’ ferry.
Another ground relied upon by the defendants’ counsel for a new trial is, that the ferry,, as-actually established by the defendants, is not within the limits of the exclusive privileges of the Fulton lessees according to the true construction of their lease ; and that, therefore, no ferry has been established and commenced its operations, within the meaning of the defendants’ cove *482 n ant, as that should be construed to mean a ferry to be put in operation within those limits. The restrictive clause in the plaintiffs’ lease is, that the corporation would not “ grant, establish or permit any other ferry between the said city of New-York and Brooklyn to the southward of Catharine slip.” The village of Brooklyn, at that time, had not been incorporated, and the counsel for the defendants insist that Brooklyn here, referred to the thickly settled part of the town opposite the city of New-York; while the plaintiffs contend it referred to the town itself. The covenant of the defendants is, to pay the annual sum of $ 1,000, “ if the plaintiffs consent and agree that tho corporation of the city of New-York, or the legislature, shall establish a ferry from New-York to Brooklyn ; the landing place on the Brooklyn side not to be nearer Fulton ferry than south of the foot of Jerolo- [ *633 ] man streetand they agree to pay this sum when the *ferry shall go into operation and commence running. The ferry was established the 16th May, 1836, at the foot of Atlantic street, on the Brooklyn side, partly within the limits of the village, which was incorporated in 1816. Now, conceding there might be some doubt whether Brooklyn, as referred to in the lease of the Fulton ferry, meant the town or tho thickly settled part of it, opposite the city of New-York, and also that the covenant of the defendants ought to be regarded as referring to the limits specified in the lease of the Fulton ferry, it is a sufficient answer to the objection, that the, defendants elected to purchase the disputed right, rather than encounter the litigation that might grow out of the question. It is too late now to agitate it, as they have, by the purchase, conceded the right, and thereby deprived the plaintiffs of ever afterwards asserting any claim for the violation of it.
We are satisfied all the objections taken on the trial are unfounded ; and that the, ruling at the circuit, wageorrect,.
New trial denied.